MARK P. WINE (STATE BAR NO. 189897)
mwine@orrick.com
MARK J. SHEAN (STATE BAR NO. 217671)
mshean@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
2050 Main Street
Suite 1100
Irvine, California 92614-8255
Telephone: (949) 567-6700
Facsimile: (949) 567-6710

NATHAN J. NOVAK (STATE BAR NO. 240473)
nnovak@orrick.com
GEOFFREY G. MOSS (STATE BAR NO. 258827)
gmoss@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street
Suite 3200
Los Angeles, California 90017-5855
Telephone: (213) 629-2020
Facsimile: (213) 612-2499

Attorneys for Defendants
Patrick McGonigle, Med Informatix, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ROBERTO CORDERO, an individual,<br><br>Plaintiff,<br><br>v.<br><br>PATRICK MCGONIGLE, an individual, MED INFORMATIX, INC., a California corporation, THOMAS MCGONIGLE, an individual, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 13-CV-00198-SVW-JCG<br><br>**[~~PROPOSED~~] PROTECTIVE ORDER** |

WHEREAS, the Court has reviewed the parties' Stipulation and [Proposed] Protective Order filed October 4, 2013, and GOOD CAUSE appearing therefor,

IT IS HEREBY ORDERED THAT:

1. In this Protective Order, the words set forth below shall have the following meanings:

a. "Proceeding" means the above-entitled proceeding 13-CV-00198-SVW-JCG.

b. "Court" means the Hon. Stephen V. Wilson, Hon. Jay C. Gandhi, or any other judge to which this Proceeding may be assigned, including Court staff participating in such proceedings.

c. "Confidential" means any information which is in the possession of a Designating Party who believes in good faith that such information is entitled to confidential treatment under applicable law.

d. "Confidential Materials" means any Documents, Testimony or Information as defined below designated as "Confidential" pursuant to the provisions of this Protective Order.

e. "Designating Party" means the Party that designates Materials as "Confidential."

f. "Disclose" or "Disclosed" or "Disclosure" means to reveal, divulge, give, or make available Documents, Information, or Testimony as defined below, or any part thereof, or any information contained therein.

g. "Documents" means (i) all documents, writings, materials, tangible things, and information that have been produced in discovery in this Proceeding by any person, (ii) all electronically stored information, whether stored on a computer or other media, regardless of the format in which it was created, and (iii) any copies, reproductions, or summaries of all or any part of the foregoing.

h. "Information" means the content of Documents or Testimony.

i. "Testimony" means all depositions, declarations or other

testimony taken or used in this Proceeding.

2. The Designating Party shall have the right to designate as "Confidential" any Documents, Testimony or Information that the Designating Party in good faith believes to contain non-public information that is entitled to confidential treatment under applicable law.

3. The entry of this Protective Order does not alter, waive, modify, or abridge any right, privilege or protection otherwise available to any Party with respect to the discovery of matters, including but not limited to any Party's right to assert the attorney-client privilege, the attorney work product doctrine, or other privileges, or any Party's right to contest any such assertion.

4. Any Documents, Testimony or Information to be designated as "Confidential" must be clearly so designated before the Document, Testimony or Information is Disclosed or produced. The parties may agree that the case name and number are to be part of the "Confidential" designation. The "Confidential" designation should not obscure or interfere with the legibility of the designated Information.

a. For Documents (apart from transcripts of depositions or other pretrial or trial proceedings), the Designating Party must affix the legend "Confidential" on each page of any Document containing such designated Confidential Material.

b. For Testimony given in depositions the Designating Party may either:

i. identify on the record, before the close of the deposition, all "Confidential" Testimony, by specifying all portions of the Testimony that qualify as "Confidential;" or

ii. designate the entirety of the Testimony at the deposition as "Confidential" (before the deposition is concluded) with the right to identify more specific portions of the Testimony as to which protection

is sought within 30 days following receipt of the deposition transcript. In circumstances where portions of the deposition Testimony are designated for protection, the transcript pages containing "Confidential" Information may be separately bound by the court reporter, who must affix to the top of each page the legend "Confidential," as instructed by the Designating Party.

c. For Information produced in some form other than Documents, and for any other tangible items, including, without limitation, compact discs or DVDs, the Designating Party must affix in a prominent place on the exterior of the container or containers in which the Information or item is stored the legend "Confidential." If only portions of the Information or item warrant protection, the Designating Party, to the extent practicable, shall identify the "Confidential" portions.

5. The inadvertent production by any of the undersigned Parties or non-Parties to the Proceedings of any Document, Testimony or Information during discovery in this Proceeding without a "Confidential" designation, shall be without prejudice to any claim that such item is "Confidential" and such Party shall not be held to have waived any rights by such inadvertent production. In the event that any Document, Testimony or Information that is subject to a "Confidential" designation is inadvertently produced without such designation, the Party that inadvertently produced the document shall give written notice of such inadvertent production within twenty (20) days of discovery of the inadvertent production, together with a further copy of the subject Document, Testimony or Information designated as "Confidential" (the "Inadvertent Production Notice"). Upon receipt of such Inadvertent Production Notice, the Party that received the inadvertently produced Document, Testimony or Information shall promptly destroy the inadvertently produced Document, Testimony or Information and all copies thereof, or, at the expense of the producing Party, return such together with all copies of such

Document, Testimony or Information to counsel for the producing Party and shall retain only the "Confidential" designated Materials. Should the receiving Party choose to destroy such inadvertently produced Document, Testimony or Information, the receiving Party shall notify the producing Party in writing of such destruction within ten (10) days of receipt of written notice of the inadvertent production. This provision is not intended to apply to any inadvertent production of any Information protected by attorney-client or work product privileges. In the event that this provision conflicts with any applicable law regarding waiver of confidentiality through the inadvertent production of Documents, Testimony or Information, such law shall govern.

6. In the event that counsel for a Party receiving Documents, Testimony or Information in discovery designated as "Confidential" objects to such designation with respect to any or all of such items, said counsel shall (a) advise counsel for the Designating Party, in writing, of such objections, the specific Documents, Testimony or Information to which each objection pertains, and all of the Designation Objections; and/or (b) file a motion with the Court seeking to remove any or all designations on Documents, Testimony or Information addressed by the Designation Objections (the "Designation Motion"). Pending a resolution of the Designation Motion by the Court, any and all existing designations on the Documents, Testimony or Information at issue in such Motion shall remain in place. The moving Party shall have the burden on any Designation Motion of establishing the inapplicability of the "Confidential" designation.

7. Access to and/or Disclosure of Confidential Materials designated as "Confidential" shall be permitted only to the following persons:

a. the Court;

b. Attorneys of record in the Proceedings and in-house counsel to the undersigned Parties including the affiliated attorneys, paralegals, clerical and secretarial staff employed by such attorneys who are actively involved in the

Proceedings. Provided, however, that each non-lawyer given access to Confidential Materials shall be advised that such Materials are being Disclosed pursuant to, and are subject to, the terms of this Protective Order and that they may not be Disclosed other than pursuant to its terms;

c. those officers, directors, partners, members, employees and agents of all non-designating Parties that counsel for such Parties deems necessary to aid counsel in the prosecution and defense of this Proceeding, including, but not limited to, Patrick McGonigle and Thomas McGonigle; provided, however, that prior to the Disclosure of Confidential Materials to any such officer, director, partner, member, employee or agent, counsel for the Party making the Disclosure shall deliver a copy of this Protective Order to such person, shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A;

d. court reporters in this Proceeding (whether at depositions, hearings, or any other proceeding);

e. any deposition, trial or hearing witness in the Proceeding who previously has had access to the Confidential Materials, or who is currently or was previously an officer, director, partner, member, employee or agent of an entity that has had access to the Confidential Materials;

f. any deposition or non-trial hearing witness in the Proceeding who previously did not have access to the Confidential Materials; provided, however, that each such witness given access to Confidential Materials shall be advised that such Materials are being Disclosed pursuant to, and are subject to, the terms of this Protective Order and that they may not be Disclosed other than pursuant to its terms;

g. mock jury participants, provided, however, that prior to the Disclosure of Confidential Materials to any such mock jury participant, counsel for the Party making the Disclosure shall deliver a copy of this Protective Order to such

person, shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A.

h. outside experts or expert consultants consulted by the undersigned Parties or their counsel in connection with the Proceeding, whether or not retained to testify at any oral hearing; provided, however, that prior to the Disclosure of Confidential Materials to any such expert or expert consultant, counsel for the Party making the Disclosure shall deliver a copy of this Protective Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A. It shall be the obligation of counsel, upon learning of any breach or threatened breach of this Protective Order by any such expert or expert consultant, to promptly notify counsel for the Designating Party of such breach or threatened breach; and

i. any other person that the Designating Party agrees to in writing.

8. Confidential Materials shall be used by the persons receiving them only for the purposes of preparing for, conducting, participating in the conduct of, and/or prosecuting and/or defending the Proceeding, and not for any business or other purpose whatsoever.

9. Any Party to the Proceeding (or other person subject to the terms of this Protective Order) may ask the Court, after appropriate notice to the other Parties to the Proceeding, to modify or grant relief from any provision of this Protective Order.

10. Entering into, agreeing to, and/or complying with the terms of this Protective Order shall not:

a. operate as an admission by any person that any particular Document, Testimony or Information marked "Confidential" contains or reflects trade secrets, proprietary, confidential or competitively sensitive business, commercial, financial or personal information; or

b. prejudice in any way the right of any Party (or any other person subject to the terms of this Protective Order):

i. to seek a determination by the Court of whether any particular Confidential Material should be subject to protection as "Confidential" under the terms of this Protective Order; or

ii. to seek relief from the Court on appropriate notice to all other Parties to the Proceeding from any provision(s) of this Protective Order, either generally or as to any particular Document, Material or Information.

11. Any Party to the Proceeding who has not executed this Protective Order as of the time it is presented to the Court for signature may thereafter become a Party to this Protective Order by its counsel's signing and dating a copy thereof and filing the same with the Court, and serving copies of such signed and dated copy upon the other Parties to this Protective Order.

12. Any Information that may be produced by a non-Party witness in discovery in the Proceeding pursuant to subpoena or otherwise may be designated by such non-Party as "Confidential" under the terms of this Protective Order, and any such designation by a non-Party shall have the same force and effect, and create the same duties and obligations, as if made by one of the undersigned Parties hereto. Any such designation shall also function as consent by such producing Party to the authority of the Court in the Proceeding to resolve and conclusively determine any motion or other application made by any person or Party with respect to such designation, or any other matter otherwise arising under this Protective Order.

13. If any person subject to this Protective Order who has custody of any Confidential Materials receives a subpoena or other process ("Subpoena") from any government or other person or entity demanding production of Confidential Materials, the recipient of the Subpoena shall promptly give notice of the same by

electronic mail transmission, followed by either express mail or overnight delivery to counsel of record for the Designating Party, and shall furnish such counsel with a copy of the Subpoena. Upon receipt of this notice, the Designating Party may, in its sole discretion and at its own cost, move to quash or limit the Subpoena, otherwise oppose production of the Confidential Materials, and/or seek to obtain confidential treatment of such Confidential Materials from the subpoenaing person or entity to the fullest extent available under law. The recipient of the Subpoena may not produce any Documents, Testimony or Information pursuant to the Subpoena prior to the date specified for production on the Subpoena.

14. Nothing in this Protective Order shall be construed to preclude either Party from asserting in good faith that certain Confidential Materials require additional protection. The Parties shall meet and confer to agree upon the terms of such additional protection.

15. If, after execution of this Protective Order, any Confidential Materials submitted by a Designating Party under the terms of this Protective Order is Disclosed by a non-Designating Party to any person other than in the manner authorized by this Protective Order, the non-Designating Party responsible for the Disclosure shall bring all pertinent facts relating to the Disclosure of such Confidential Materials to the immediate attention of the Designating Party.

16. This Protective Order is entered into without prejudice to the right of any Party to knowingly waive the applicability of this Protective Order to any Confidential Materials designated by that Party. If the Designating Party uses Confidential Materials in a non-Confidential manner, then the Designating Party shall advise that the designation no longer applies.

17. If Confidential Materials or Information derived from Confidential Materials are submitted to or otherwise disclosed to the Court in connection with discovery motions and proceedings, the same shall be separately filed under seal with the clerk of the Court in an envelope marked: “CONFIDENTIAL – FILED

UNDER SEAL PURSUANT TO PROTECTIVE ORDER AND WITHOUT ANY FURTHER SEALING ORDER REQUIRED."

18. The Parties shall meet and confer regarding the procedures for use of Confidential Materials at trial and shall move the Court for entry of an appropriate order.

19. Nothing in this Protective Order shall affect the admissibility into evidence of Confidential Materials, or abridge the rights of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the issue of the status of Protected Material.

20. This Protective Order shall continue to be binding after the conclusion of this Proceeding and all subsequent proceedings arising from this Proceeding, except that a Party may seek the written permission of the Designating Party or may move the Court for relief from the provisions of this Protective Order. To the extent permitted by law, the Court shall retain jurisdiction to enforce, modify, or reconsider this Protective Order, even after the Proceeding is terminated.

21. Upon written request made within thirty (30) days after the settlement or other termination of the Proceeding, the undersigned Parties shall have sixty (60) days to either (a) promptly return to counsel for each Designating Party all Confidential Materials and all copies thereof (except that counsel for each Party may maintain in its files, in continuing compliance with the terms of this Protective Order, all work product, and one copy of each pleading filed with the Court and one copy of each deposition together with the exhibits marked at the deposition), (b) agree with counsel for the Designating Party upon appropriate methods and certification of destruction or other disposition of such Confidential Materials, or (c) as to any Documents, Testimony or other Information not addressed by sub-paragraphs (a) and (b), file a motion seeking a Court order regarding proper preservation of such Materials. To the extent permitted by law the Court shall retain continuing jurisdiction to review and rule upon the motion referred to in sub-

paragraph (c) herein.

22. After this Protective Order has been signed by counsel for all Parties, it shall be presented to the Court for entry. Counsel agrees to be bound by the terms set forth herein with regard to any Confidential Materials that have been produced before the Court signs this Protective Order.

23. The Parties and all signatories to the Certification attached hereto as Exhibit A agree to be bound by this Protective Order pending its approval and entry by the Court. In the event that the Court modifies this Protective Order, or in the event that the Court enters a different Protective Order, the Parties agree to be bound by this Protective Order until such time as the Court may enter such a different Order. It is the Parties' intent to be bound by the terms of this Protective Order pending its entry so as to allow for immediate production of Confidential Materials under the terms herein.

**IT IS SO ORDERED:**

Dated: October 9, 2013 By:____________________

Hon. Jay C. Gandhi

**EXHIBIT A**

CERTIFICATION RE CONFIDENTIAL DISCOVERY MATERIALS

I hereby acknowledge that I, _______________________________[NAME], ________________________________________[POSITION AND EMPLOYER], am about to receive Confidential Materials supplied in connection with the Proceeding 13-CV-00198-SVW-JCG. I certify that I understand that the Confidential Materials are provided to me subject to the terms and restrictions of the Protective Order filed in this Proceeding. I have been given a copy of the Protective Order; I have read it, and I agree to be bound by its terms.

I understand that Confidential Materials, as defined in the Protective Order, including any notes or other records that may be made regarding any such materials, shall not be Disclosed to anyone except as expressly permitted by the Protective Order. I will not copy or use, except solely for the purposes of this Proceeding, any Confidential Materials obtained pursuant to this Protective Order, except as provided therein or otherwise ordered by the Court in the Proceeding.

I further understand that I am to retain all copies of all Confidential Materials provided to me in the Proceeding in a secure manner, and that all copies of such Materials are to remain in my personal custody until termination of my participation in this Proceeding, whereupon the copies of such Materials will be returned to counsel who provided me with such Materials.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct. Executed this _____ day of _______, 20__, at _________________.

BY: ______________________________
Signature

______________________________
Title

______________________________
Address

______________________________
City, State, Zip Code

______________________________
Telephone Number