## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-0198-SVW-JCGx | Date | January 3, 2013 |
|---|---|---|---|
| Title | Roberto Cordero v. Patrick McGonigle et al. | | |

## JS - 6

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE | |
|---|---|---|
| Paul M. Cruz | | N/A |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| N/A | | N/A |

**Proceedings:**     IN CHAMBERS ORDER REMANDING TO STATE COURT

## I. INTRODUCTION

This case is about whether plaintiff Roberto Cordero entered into a contract with Defendants to obtain a one-third ownership interest in defendant Med Informatix, Inc. Cordero contends that he entered into such an agreement with Defendants, and that he acquired a one-third ownership interest in consideration for the transfer of software he had developed. Cordero also asserts that Defendants breached this agreement, depriving Cordero of his expected ownership interest.

On November 19, 2012, Cordero filed a complaint in the Superior Court for the State of California against Defendants (Patrick McGonigle, Thomas McGonigle, and Med Informatix, Inc.). Defendants removed the case to this Court on January 10, 2013. (Dkt. 1). Defendants contend that this Court has subject matter jurisdiction over the case because a claim by Codero arises under the Copyright Act of 1976. After review, the Court concludes that Plaintiff's complaint does not state a claim that arises under the Copyright Act. Because such a claim is the only basis for federal jurisdiction, the Court REMANDS the case to state court.

\\
\\
\\
\\
\\
\\
\\

|  | : |
|---|---|
| Initials of Preparer | PMC |

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:13-cv-0198-SVW-JCGx | Date | January 3, 2013 |
|----------|----------------------|------|-----------------|

| Title | Roberto Cordero v. Patrick McGonigle et al. |
|-------|----------------------------------------------|

## JS - 6

\\

## II. BACKGROUND

Sometime prior to the incorporation of Defendant Med Informatix, Inc. in 1994, Cordero alleges that he developed two software applications: the Medical Practice Management (MPM) and Medical EHR software applications. (Compl., ¶ 10).[1] After the incorporation of Med Informatix in 1994, Plaintiff alleges he transferred both the MPM and EHR applications to the Defendants in consideration for the issuance of one-third of the stock of Med Informatix. (Id. ¶ 11). The transfer was purportedly made pursuant to an oral agreement. (Id. ¶ 13).

Up until August 2012, Cordero believed that Defendants had performed under the oral agreement and that he was a one-third owner of Med Informatix. (Id. ¶ 16). However, in August 2012, a third party entered into negotiations to purchase Med Informatix, and in the course of negotiations Cordero learned that he had not been issued stock in the Company. (Id. ¶ 19).

Cordero contends that Defendants breached their oral agreement by not providing him with an ownership interest in Med Informatix as promised. (Id. ¶¶ 19-21). On January 10, 2013, Codero filed the instant action asserting claims for breach of contract and fraud, and seeking damages and a declaration that the oral contract with Defendants was valid. (Id. ¶¶ 22-49). Alternatively, Cordero's complaint states that in the event the Court does not find in favor of Plaintiff on his breach of contract claim, Plaintiff requests a declaration that the 1994 source code for the software transferred to Defendants remains Plaintiff's sole and separate property, including all derivative work authored by Plaintiff since 1994. (Id. ¶ 25).

The parties agree that Cordero's state law breach of contact and fraud claims do not provide this Court with jurisdiction. However, Defendants contend that Cordero's contingent claim for a declaration of ownership of the software arises under the Copyright Act of 1976. Plaintiff's complaint asserts the declaration of ownership claim as a contingent claim. That is, Cordero only asks the Court to issue a

---

[1] On May 14, 2013, Plaintiff filed a First Amended Complaint. (Dkt. 30). However, in determining jurisdiction in a removal case, the Court must look at the case at the time of removal. Later changes to pleadings do not impact removal jurisdiction. See Pintando v. Miami-Dade Housing Agency, 501 F.3d 1241, 1243 n.2 (11th Cir. 2007) ("[T]he district court must look at the case at the time of removal to determine whether it has subject-matter jurisdiction."); Rutter Group, California Practice Guide: Federal Civil Procedure Before Trial § 2B-70.1 (2013) (same). As such, the Court relies on the original complaint in this Order.

|  | : |
|--|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-0198-SVW-JCGx | Date | January 3, 2013 |
|---|---|---|---|
| Title | Roberto Cordero v. Patrick McGonigle et al. | | |

JS - 6

declaration that he is the owner of the software if the Court determines that there was no contract transferring the software to Defendants in exchange for an ownership interest in Med Informatix. Such contingent federal claims likely do not provide this Court with jurisdiction. See Pizzo v. Bekin Van Lines Co., 258 F.3d 629, 635-36 (7th Cir. 2001). However, as discussed below, here the Court determines that even if the declaration of ownership claim was not contingent, it would not arise under the Copyright Act and thus does not provide this Court with federal jurisdiction.

**III. SUBJECT MATTER JURISDICTION**

This Court may *sua sponte* review a notice of removal in order to determine if it has proper jurisdiction. Kwai Fun Wong v. Beebe, 732 F.3d 1030, 1036 (9th Cir. 2013) ("[C]ourts are obligated to consider *sua sponte* requirements that go to subject-matter jurisdiction.") (internal quotation marks and alterations omitted). In the instant case, Defendants assert that the Court has subject matter jurisdiction because Plaintiff's complaint requests a declaration of ownership of software protected by copyright.

A. Jurisdiction Over Copyright Claims

"The federal courts have exclusive jurisdiction over 'any civil action arising under any Act of Congress relating to . . . copyrights.'" Schlatic Entm't Inc. v. Fox Entm't Group, Inc., 336 F.3d 982, 985 (9th Cir. 2003) (citing 28 U.S.C. § 1338). To determine whether a claim arises under an Act of Congress relating to copyrights, the Ninth Circuit has adopted the Second Circuit's T.B. Harms test. Under T.B. Harms, a district court must exercise jurisdiction if "(1) the complaint asks for a remedy expressly granted by the Copyright Act; (2) the complaint requires an interpretation of the Copyright Act; or (3) federal principles should control the claims." Justmed, Inc. v. Byce, 600 F.3d 1118, 1123-24 (9th Cir. 2010) (citing T.B. Harms Co. v. Eliscu, 339 F.2d 823, 828 (2d Cir. 1964)). "The test outlined in T.B. Harms is essentially a reiteration of the 'well-pleaded complaint' rule that federal jurisdiction exists only when a federal question is presented on the face of a properly pleaded complaint." Id.

The Ninth Circuit has held that if the only copyright claim in a complaint is a request for a declaration of ownership, the action will generally not arise under the Copyright Act. See Topolos v. Caldway, 698 F.2d 991, 994 (9th Cir. 1983) ("[W]hen [copyright] ownership is the sole question for consideration . . . federal courts [are] without jurisdiction."). Rather, to arise under the Copyright Act, the request for a declaration of ownership must be sought in conjunction with an action seeking a remedy under the Copyright Act, such as a claim for infringement, or alternatively the ownership issue must require application of the work-for-hire doctrine. See Topolos, 698 F.2d at 993 ("'If [a] claim involves copyright infringement or other matter directly related to the interpretation and enforcement of the Copyright Act, jurisdiction has been upheld. On the other hand, where it has been determined that

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-0198-SVW-JCGx | Date | January 3, 2013 |
|---|---|---|---|
| Title | Roberto Cordero v. Patrick McGonigle et al. | | |

JS - 6

the claim is essentially for some common law or state-created right, most generally for a naked declaration of ownership or contractual rights, jurisdiction has been declined, even though the claim might incidentally involve a copyright or the Copyright Act.'" (quoting Royalty Control Corp. v. Sanco, Inc., 175 U.S.P.Q. 641, 642 (N.D. Cal. 1972))); Justmed, 600 F.3d at 1124 ("[A]lthough a complaint may not state a Copyright Act claim on its face, federal jurisdiction may be appropriate if resolution requires application of the work-for-hire doctrine of the Copyright Act . . . .").

There is no mention in Plaintiff's complaint of a claim for copyright infringement or any other remedy provided by the Copyright Act. Thus, because ownership of the copyrighted software would be the "sole question for consideration" relating to the Copyright Act, Topolos, 698 F.2d at 994, the Court is without jurisdiction to hear this claim absent a determination that the ownership question at issue would require the application and interpretation of the work-for-hire doctrine. See JustMed, 600 F.3d at 1123-25.

     1. Work-For-Hire Doctrine

In JustMed, the Ninth Circuit held that even if the only copyright issue before a federal court is an ownership issue, the court still has subject matter jurisdiction if the claim requires application of the work-for-hire doctrine under the Copyright Act. See 600 F.3d at 1124. The facts of that case were as follows: a software company brought suit against a software programmer who had taken a particular software program from the company's computers that he contended was his own. Id. at 1121-22. The company sued the programmer in state court, asserting state-law claims for misappropriation of a trade secret, conversion, breach of fiduciary duty, and intentional interference with a prospective economic advantage. Id. at 1122-23. The defendant-programmer then removed the case to federal court, contending that the case required determination of ownership of the software under the Copyright Act. Id. at 1123.

Raising the issue of jurisdiction *sua sponte* on appeal, the Ninth Circuit held that the ownership issued did present a matter that arose under the Copyright Act because it required analysis of the work-for-hire doctrine. Id. at 1123-25. The Ninth Circuit noted that the Supreme Court had provided a framework for analyzing work-for-hire issues in Community for Creative Non-Violence v. Reid, 490 U.S. 730 (1989), and that as a result, resolution of work-for-hire matters required interpretation of the Copyright Act. Id. at 1124. In the case before it, the Ninth Circuit held that the work-for-hire doctrine applied because the plaintiff-company's state law claims were predicated on ownership of the copyrighted software, and copyright ownership ordinarily "vests initially in the author or authors of the work," which in JustMed was the software programmer. Id. at 1125 (quoting 17 U.S.C. § 201(a)). Thus, the court noted that the software company would only be the owner of the software under the

| | : | |
|---|---|---|
| Initials of Preparer | | PMC |

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:13-cv-0198-SVW-JCGx | Date | January 3, 2013 |
|----------|------------------------|------|-----------------|

| Title | Roberto Cordero v. Patrick McGonigle et al. |
|-------|-----------------------------------------------|

### JS - 6

work-for-hire exception, which provides that "the employer or other person for whom [a] work [is] prepared is considered the author" and owns the copyright if the original author was an employee of the employer. Id. (quoting 17 U.S.C. § 201(b)); see also Reid, 490 U.S. at 751. Thus, even though the only copyright-related matter to be resolved was an ownership issue, the court held that the necessary application of the work-for-hire doctrine provided the court with subject matter jurisdiction over the claim. JustMed, 600 F.3d at 1125.

The instant case is distinguishable from JustMed, as the work-for-hire doctrine does not need to be applied. This is not a case where the plaintiff has pled that he is the owner of a copyright because of the work-for-hire doctrine. Rather, Cordero's complaint only states that he was the author of the MPM and EHR software at issue. As noted above, under the Copyright Act ownership of a work vests initially in the author of the work. 17 U.S.C. § 201(a). Thus, assuming there was no contract transferring Cordero's interest in the software to Defendants in consideration for an ownership interest in Med Informatix, Inc., the software is Cordero's unless the Defendants assert a separate defense to his ownership.

The Defendants may claim that Med Informatix owns the software, even if there was no contract between the parties, based on the work-for-hire doctrine if Defendants contend that Cordero produced portions of the software while he was an employee of Med Informatix. However, unlike in JustMed, here the application of the work-for-hire doctrine would be as a defense. And as the court in JustMed noted, the T.B. Harms test is "essentially a reiteration of the 'well-pleaded complaint' rule that federal jurisdiction exists only when a federal question is presented on the face of a properly pleaded complaint." Id. at 1124; see also Pena v. Downey Sav. and Loan Ass'n, 929 F. Supp. 1308, 1312 (C.D. Cal. 1996) ("A case may not be removed on the basis of a federal defense even if the defense is anticipated in the complaint . . . ." (citing Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987)). Thus, the work-for-hire doctrine does not need to be applied to Cordero's ownership claim.

## IV. CONCLUSION

The only claim asserted in Cordero's complaint that implicates the Copyright Act is a claim for a declaration of ownership. The Ninth Circuit has held that declarations of ownership, absent a claim for copyright infringement or another remedy provided for in the Copyright Act, and absent a need to apply the work-for-hire doctrine, do not arise under the Copyright Act for purposes of federal subject matter jurisdiction under 28 U.S.C. § 1338. Because Cordero's declaration of ownership is the only claim cited to support removal, the case is REMANDED.

|  | : |
|--|---|
| Initials of Preparer | PMC |

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-0198-SVW-JCGx | Date | January 3, 2013 |
|---|---|---|---|
| Title | Roberto Cordero v. Patrick McGonigle et al. | | |

## JS - 6

                    :

Initials of Preparer          PMC